UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



David W. Fiore, Pro Se,
    Plaintiff,

v.

VICTOR MANUEL MEDINA, ET AL.
    Defendants.

11 Civ. 2264 (RJS)(DCF)

**PLAINTIFF'S RESPONSE IN SUPPORT OF OBJECTION TO DEFENDANT'S REPLY OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW David W. Fiore (hereinafter Fiore) filing in *pro-se* capacity.

Respectfully, again I will state that, I am not going to pretend that I am a lawyer and know the law. I am not trained in the science of law. However, I will proceed to state the facts with submitted documents and declarations to prove my claims and set forth the following:

The Defendant's Counsel has submitted a complaint filed by me *Fiore v. Holt*, No. 3:CV-09-2259(M.D. Pa.) filed on November 17, 2009 in the United States District Court for the Middle District of Pennsylvania. However, counsel did not provide the Courts ruling of the Complaint. Attached hereto is a declaration and true copy of the District Courts' ruling in *Fiore v. Holt*.

On page 2 (Exhibit A) of the Court's order, it mentions the basis of the complaint. That;

    (i)    "Upon his arrival at USP-Canaan, he was interviewed by Defendant's BOLCAVAGE and HANIS at which time he allegedly informed those officials that he had been provided with an incomplete Inmate Handbook and as a result could not be held responsible for any disciplinary violation."

This claim was and is the basic claim of *"due process"* by prison employees. Thay fail to provide the entire text pursuant:

> 28 CFR §541.11 Notice to inmates of bureau of Prisons rules; and Program Statement 5270.07; "Staff <u>shall</u> advise each inmate in writing promptly after arrival at an institution of: (a) The types of disciplinary action which may be taken by institution staff; (b) The disciplinary system within the institution and the time limits thereof (see tables 1 and 2); (c) The inmate's rights and responsibilities (see §541.12); (d) Prohibited acts and disciplinary severity scale (see §541.13, tables 3 , 4, and 5); and (e) Sanctions by severity of prohibited act, with eligibility for restoration of forfeited and withheld statutory good time (see table 6)."

In *Fiore v. Holt,* on page 22 – 24, the District Court failed to address this claim. It acted as if the claim did not even exist. <u>See</u> *Exhibit A*, attached hereto.

When a "law' is created it also creates a liberty. The same as procedure in litigation, upon a party's failure to complete a certain stage of the litigation process that party may lose in default or say an un-opposed declaration.

The FBOP employees' had fiduciary duty to provided the entire section of 28 CFR §541.11 as the first stage concerning *"proper notification"* to an inmate in pamphlet form. The failure to do so construes a ***due process*** violation. We can call it a technicality or what ever we want. However, it is a "law" and as a "law" the Government must / shall abide by that "law.' Failure constitutes a violation. Fiore has submitted the proper evidence that pellucidly shows that the FBOP failed to follow its own rules. There can be no argument submitted by the defendants in support of this specific issue.

FTCA. The Defendant's Counsel would have this Court believe that The FTCA filed in *Fiore v. Holt,* is the same in this instant case. This is untrue, as the FTCA in the *Holt* case was for an injury suffered from fall. In this instant Case the FTCA is for missing property upon my placement into SHU for a false Incident report.

At this time I states again; I was not insolent to any staff member. I was placed into SHU for proving them wrong for taking my legal work, In retaliation for proving the Defendant's were wrong and they wrote a false incident report charging me with insolence. This is the everyday method that FBOP staff have to punish inmates and then they are protected by the Attorney General's Office and the Courts.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied and a date set for trial and an Order for the discovery period to begin in the interest of justice.

Respectfully submitted this 17th day of February 2011,
Signed under the penalties of 28 USC §1746,

*David W Fiore*
David W Fiore
P.O. Box 3251-09
Providence RI 02909
(401) 261-6983

## CERTIFICATE OF SERVICE BY MAIL

I, David W. Fiore, hereby certify that on the 17th day of February 2011, I mailed a copy of the foregoing REPLY by placing said copy in postpaid certified, envelope addressed to CHRISTINE S. POSCABLO, AUSA, US Attorney's Office, 86 Chambers Street, 3rd Floor, New York, NY 10007 by depositing said envelope and contents into the United States Mailing System.

*David W Fiore*
David W Fiore