UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David W. Fiore, Pro Se,                       :
       Plaintiff,                       11Civ. 2264 (RJS)(DCF)
                            :

    v.                                        :

                            :

VICTOR MANUEL MEDINA, ET AL.      :
       Defendants.

                            :

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/12
```

## **DECLARATION OF DAVID W. FIORE**

Pursuant to 28 U.S.C. §1746, David W. Fiore declares as follows:

1. I am a former inmate of the Federal Bureau of Prisons (FBOP) subjected to incarceration for 9 years. I submit this declaration in support of my objection to the Defendants'' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Procedure.

2. Attached hereto as Exhibit A is a true and correct copy of the District Court Ruling/Order in *Fiore v. Holt*, No. 3:CV-09-2259(M.D. Pa.), filed on March 28, 2011 in the United States District Court of Pennsylvania

    I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Providence, Rhode Island
       February 17.2012

David W. Fiore

Case No: 3:09-cv-02259-RPC-JVW    Document No: 53, User: cc, 1 Copy Printed: Mar, 28, 2011
11:37 AM

David William Fiore
PO Box 3251-09
Providence, RI 02909

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DAVID WILLIAM FIORE,                    :
          Plaintiff                     :
                                        :
      v.                                :        CIVIL NO.3:CV-09-2259
                                        :
                                        :        (Judge Conaboy)
RONNIE R. HOLT, ET AL.,                 :
          Defendants                    :
                                        :

---

## MEMORANDUM
### Background

     This combined <u>Bivens</u>[1]-type civil rights/Federal Tort Claims

Act complaint was filed by David William Fiore during his prior

confinement at the Federal Correctional Institution, Otisville, New

York.[2]  Service of the complaint was previously ordered.

     Named as Defendants are the United States of America and the

following officials at Plaintiff's prior place of confinement, the

Canaan United States Penitentiary, Waymart, Pennsylvania (USP-

Canaan): Warden Ronnie Holt; Associate Warden Julie Nicklin;

---

     [1]  <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition
that "a citizen suffering a compensable injury to a
constitutionally protected interest could invoke the general
federal question jurisdiction of the district court to obtain an
award of monetary damages against the responsible federal
official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978)

     [2]  Fiore describes himself as being "a sovereign person
foreign to the United States" as well as "the fiduciary agent and
surety" and "secured party creditor' for himself.  Doc. 1, p. 3.
He is presently residing in Providence, Rhode Island.  <u>See</u> Doc. 24.

1

Executive Assistant Stephen Wagner; Counselor Mark Bolcavage; and
Senior Office Specialist Steve Hanis.

Plaintiff's complaint is set forth in a disjointed manner
making it difficult to decipher the exact nature of the claims
which he seeks to pursue before this Court.  Fiore states that he
was transferred from the Federal Medical Center, Devens,
Massachusetts (FMC-Devens) to USP-Canaan on January 9, 2007.  His
Complaint initially notes that he has been subjected "to continued
misconduct, negligence with criminal and civil violations" by
employees of the Federal Bureau of Prisons (BOP) since January,
2005.  Doc. 1, p. 4.

Upon his arrival at USP-Canaan, he was interviewed by
Defendants Bolcavage and Hanis at which time he allegedly informed
those officials that he had been provided with an incomplete Inmate
Handbook and as a result could not be held responsible for any
disciplinary violation.  Plaintiff proceeded to initiate a number
of administrative grievances pertaining to both his prior
confinement at FMC-Devens and his USP-Canaan incarceration, as well
as a federal habeas corpus petition.  See Doc. 1, p. 4.

Plaintiff next states he met with Warden Holt regarding his
claims of being subjected to misconduct since 2005.  The Warden
allegedly agreed to look into the matter.  During May 2007, Holt
purportedly responded to Plaintiff that he would not be able to
assist the prisoner, because his allegations "goes to high
(Washington) you're on your own."  Id. at p. 5.  Fiore acknowledges

2

that he told Holt that the Warden had now become part of the continued conspiracy of misconduct.

Thereafter, Fiore asserts that Defendants Holt, Wagner, Nicklin, Bolcavage and Hanis conspired to retaliate against Fiore by falsifying and concealing material facts regarding his administrative grievances.[3]  As part of this retaliation scheme, Plaintiff contends that he was also subjected to a change in his institutional employment on September 18, 2007.

During August, 2007, Plaintiff states that his Unit Team notified him that he was to be recommended for a six (6) month halfway house placement.  Fiore repeatedly inquired as to whether he "could receive disability benefits while participating in a halfway house."  Id. at p. 6.  He asserts that his Unit Team failed to verify that he could receive disability benefits.  As a result, Plaintiff refused to be transferred to a Boston, Massachusetts halfway house on November, 19, 2007.[4]

Due to his refusal, Fiore states that he was issued a retaliatory institutional misconduct, No. 1669054, charging him with refusing a program and was placed in the prison's Special Housing Unit (SHU).  During a Unit Disciplinary Committee (UDC)

---

[3]  Fiore also claims that BOP's Regional Counsel Henry Sadowski and Administrator Harrell Watts participated in the cover up.  However, those individuals have not been named as defendants in this action.

[4]  Plaintiff indicates that he eventually confirmed that he would be able to receive disability benefits.  As a result, he resubmitted his halfway house application.

hearing on the misconduct, Plaintiff contends that Defendants Bolcavage and Hanis refused to address due process violations which were brought to their attention and Hanis made a false statement on the record with respect to a short delay in the holding of the UDC hearing.  The Complaint next alleges that Warden Holt allegedly provided false information in a written response to an inquiry from Senator Jack Reed regarding the status of Plaintiff's second request to be considered for halfway house placement.  As relief, the Bivens portion of Plaintiff's Complaint seeks compensatory, punitive, and nominal damages, as well as injunctive relief, including the expungement of Misconduct No. 1669054 and the initiation of a criminal investigation into Defendants' conduct.

The FTCA portion of the Complaint contends that on December 21, 2007 Plaintiff "slipped and fell on some ice" while "heading to work."  Doc. 1, p. 6.  He allegedly hurt his back, shoulders, and hands.  Fiore indicates that prison officials were aware of the icy condition "and failed to address the matter."  Id.  Furthermore, prison staff also acted in a negligent manner by failing to employ a stabilizer board when transporting Fiore from the scene of the accident to the USP-Canaan Medical Department.

Presently pending is Defendants' motion to dismiss and for summary judgment.  See Doc. 26.  The motion is ripe for consideration.  Also pending before the Court is Defendants' motion for a protective order.  See Doc. 47.

4

## Discussion

Defendants claim entitlement to dismissal or entry of summary judgment on the grounds that: (1) the FTCA portion of Plaintiff's action fails to sufficiently set forth a claim of negligence; (2) Plaintiff's Bivens claims fail to allege a viable claim of constitutional misconduct; and (3) Defendants are entitled to qualified immunity.

### Standard of Review

Defendants' pending dispositive motion is supported by evidentiary materials outside the pleadings.  Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).  The Court will not exclude the evidentiary materials accompanying Defendants' motion.  Thus, their motion will be treated as solely seeking summary judgment.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the

outcome of the suit under the applicable law.  <u>Anderson v. Liberty</u>
<u>Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A factual dispute is
"genuine" only if there is a sufficient evidentiary basis that
would allow a reasonable fact-finder to return a verdict for the
non-moving party.  <u>Id.</u> at 248.  The court must resolve all doubts
as to the existence of a genuine issue of material fact in favor of
the non-moving party.  <u>Saldana</u>, 260 F.3d at 232; <u>see also</u> <u>Reeder v.</u>
<u>Sybron Transition Corp.</u>, 142 F.R.D. 607, 609 (M.D. Pa. 1992).
Unsubstantiated arguments made in briefs are not considered
evidence of asserted facts.  <u>Versarge v. Township of Clinton</u>, 984
F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of
evidence to support the claims of the non-moving party, the non-
moving party may not simply sit back and rest on the allegations in
its complaint.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324
(1986).  Instead, it must "go beyond the pleadings and by [its] own
affidavits, or by the depositions, answers to interrogatories, and
admissions on file, designate specific facts showing that there is
a genuine issue for trial."  <u>Id.</u> (internal quotations omitted); <u>see</u>
<u>also</u> <u>Saldana</u>, 260 F.3d at 232 (citations omitted).  Summary
judgment should be granted where a party "fails to make a showing
sufficient to establish the existence of an element essential to
that party's case, and on which that party will bear the burden at
trial."  <u>Celotex</u>, 477 U.S. at 322-23.  "'Such affirmative evidence

- regardless of whether it is direct or circumstantial - must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**FTCA**

As previously discussed, Plaintiff's FTCA claim is twofold. Fiore initially seeks relief on the basis that prison officials failed to take appropriate measures regarding an alleged icy sidewalk condition which caused him to slip and fall. Second, Plaintiff contends that prison staff was negligent for not using a back board when transporting him to the prison's Medical Department following his fall.

A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962). Inmates may recover damages under the FTCA for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. United States v. Muniz, 374 U.S. 150 (1963).

Federal district courts addressing FTCA actions must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996);

7

Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987).   However, in cases involving federal prisoners, it has been recognized that independent of an inconsistent state rule, the government's duty of care is one of ordinary diligence as defined by 18 U.S.C. § 4042. See Turner, 679 F. Supp. at 443.[5]  Since Pennsylvania's negligence law is not inconsistent with § 4042, it is applicable in the present case.

     With respect to Plaintiff's initial claim, Defendants argue that entry of summary judgment is appropriate because "Fiore fails to provide any information regarding the specific conditions of the sidewalk or whether BOP staff were aware that there was ice on the sidewalk and had allowed the ice to unreasonably accumulate."  Doc. 27, p. 22.   Furthermore, even if such a need for ice removal existed, Defendants maintain that Plaintiff is not entitled to recovery under the FTCA because he only suffered a de minimus injury as a result of the incident.

     In support of their de minimus injury argument, Defendants have submitted s declaration by USP-Canaan Physician's Assistant (PA) Kenneth Kaiser.  PA Kaiser states that Plaintiff underwent x-rays following his fall, which were negative.  See Doc. 27-4,

---

     [5]  The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred.  Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987).

Exhibit D, ¶ 3.  However, following a January 16, 2008 examination
which revealed tenderness and mild muscle spasm in Fiore's lower
back, Kaiser acknowledges that an MRI and anti-inflammatory
medication were ordered for the Plaintiff.  Thereafter, a January
22, 2008 examination revealed limited range of motion at Fiore's
waist which according to Kaiser resulted in the issuance of a
referral for a physical therapy consultation.

Kaiser further states that Plaintiff continued to complain
of back pain but was released from USP-Canaan prior to completing
"his MRI and physical therapy consultations" which had been
previously prescribed by the prison medical staff.  Id. at ¶ 10.
Moreover, Fiore apparently remained on anti-inflammatory medication
until his release.  Based upon Kaiser's undisputed statements,
there are material issues of fact in dispute with respect to the
issue of whether Plaintiff suffered a de minimus injury.
Accordingly, Defendants are not entitled to entry of summary
judgment on that basis.

With respect to Defendants' alternative argument, that
Plaintiff's Complaint lacks sufficient facts to set forth a viable
negligence claim regarding his slip and fall, Pennsylvania law
recognizes inmates as being invitees.  See Graf v. County of
Northhampton, 654 A.2d 131, 134 (Pa. Cmwlth. 1995).  As a result,
an inmate/invitee who seeks to establish liability for physical
harm caused by a condition on the land must show that the possessor
of the land: (1) knows or by the exercise of reasonable care would

discover the condition and should realize that it involves an unreasonable risk of harm to the invitee; (2) should expect that the invitee will not discover or realize the danger or will fail to protect himself against it; and (3) fails to exercise reasonable care to protect the invitee against the danger. Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983).

The mere existence of a harmful condition or the happening of an accident does not by itself raise a presumption of negligence. Moultrey v. Great A & P Tea Co., 422 A.2d 593, 596, n.5 (Pa. Super. 1980). Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. Baum v. United States, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).[6] Thus, "[a]n invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." Swift v. Northeastern Hospital, 690 A.2d 719, 722 (Pa. Super. 1997).

Fiore alleges that he slipped and fell on ice while walking to his institutional employment on December 21, 2007. See Doc. 1, p. 6. The only factual description of the area where he fell set forth in the Complaint is that it was "directly" visible to a

---

[6]    Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

10

prison security camera and that "[s]taff were aware of this ice and failed to address the matter." Id.

This Court agrees with Defendants' contention that Plaintiff has not provided any specific factual information regarding his conclusory assertions that there was ice on the walkway which prison staff negligently failed to address. Although liberal standards must be applied to pro se filings, the mere assertion that the area was visible to a prison security camera is insufficient to show that a federal employee had actual or constructive notice of the alleged icy condition.[7] Likewise, the Complaint provides no description whatsoever of the walkway or the icy condition at issue. For instance, there are no details as to the amount of ice, how long it accumulated, whether other individuals witnessed Plaintiff's fall or had traversed the same walkway during the relevant time period, etc. Fiore's bald assertion that he fell on ice in an area which was visible to a prison security camera is simply insufficient to assert a cognizable negligence claim under the controlling Pennsylvania state legal standards. Accordingly, entry of summary judgment in favor of Defendants with respect to Fiore's FTCA claim that his fall was the result of negligence by USP-Canaan staff is appropriate.

---

[7] Plaintiff has not identified any witnesses to his fall nor does he identify or describe any prison official who had prior knowledge of the alleged icy conditions.

Defendants next contend that Plaintiff's second FTCA claim cannot proceed because the undisputed record establishes that there was no need to employ a stabilizer/back board.  See Doc. 27, p. 20. In support of this argument, PA Kaiser's declaration states that "the circumstances surrounding the evaluation of his injury and the examination itself did not indicate a need for a stretcher or back board." Doc. 27-4, Exhibit D, ¶ 11.  In addition, Kaiser concludes that "[h]ad Fiore's condition warranted the use of a stretcher or back board, I would have certainly used one."  Id. at ¶ 19.

Plaintiff has not set forth any facts supporting his vague claim that Defendants were negligent for not transporting him via a back board.  He has not provided this Court with any medical evidence showing that his back injury was aggravated by the failure to use a back board nor does he offer any explanation as to why a back board was necessary under the circumstances.  Accordingly, this Court agrees that Defendants are also entitled to entry of summary judgment with respect to this speculative FTCA claim.

**Bivens**

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-

12

42 (3d Cir. 1990). Civil rights claims brought cannot be premised on a theory of <u>respondeat superior</u>. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).

For the reasons outlined below, Defendants are entitled to entry of summary judgment with respect to the <u>Bivens</u> portion of the Complaint because: (1) a viable conspiracy claim is not set forth in the Complaint; (2) Plaintiff's assertions do not satisfy the requirements for a retaliation claim; (3) Fiore's due process rights were not violated during his institutional disciplinary proceedings; (4) Plaintiff did not have a liberty interest in his prison employment; and (5) the alleged improper handling of Plaintiff's grievances and complaints does not rise to the level of a constitutional violation.

<u>Conspiracy</u>

Defendants assert that the "record is devoid of facts bearing out the existence of a conspiracy and the role each defendant took to carry out the alleged conspiracy." Doc. 27, p. 14. They conclude that Fiore's "bare conclusory allegations of conspiracy do not suffice to avert summary judgment." <u>Id</u>.

13

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit Court of Appeals has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young, 926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).

14

A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Plaintiff indicates that the USP-Canaan officials named as Defendants were part of a vast, long term conspiracy to cover up constitutional violations and criminal conduct which began during his prior confinement at FMC-Devens. Fiore adds that the alleged misconduct initiated in January 2005, long before his January, 2007 transfer to USP-Canaan. See Doc. 1, p. 4.

Viewing the Complaint in the light most favorable to Plaintiff, it is clear that he has failed to state a viable conspiracy claim against Defendants. As correctly noted by the Defendants, "Fiore has failed to proffer any evidence of communication, cooperation, or command among the defendants from which an agreement can be inferred." Doc. 27, p. 14. Rather, it appears to this Court that Plaintiff is simply contending that any objectionable action taken by any prison official establishes their involvement in the purported conspiracy. There are simply no averments of fact in the Complaint that reasonably suggest the presence of an agreement or concerted activity between Defendants to violate Fiore's civil rights. Summary judgment will be granted in favor of Defendants with respect to Fiore's claim of conspiracy.

**Retaliation**

Plaintiff states that while confined at USP-Canaan he was subjected to retaliatory acts by prison officials. This purported

15

retaliation consisted of the issuance of an institutional misconduct charge, denial of administrative grievances, and a change in Fiore's prison work assignment.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements.  First, a plaintiff must prove that he was engaged in a constitutionally protected activity.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials."  (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights."  (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)).  Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him."  Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).  The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.[5]  See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005).

---

[5]  Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation.  Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

16

Once Plaintiff has made a _prima_ _facie_ case, the burden shifts to Defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted).  When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

As a result of the Plaintiff's filing of grievances and lawsuits, Defendants "do not dispute that Fiore can establish the first element of his retaliation claim." Doc. 27, p. 15.  The filing of a lawsuit is protected activity under the First Amendment right of prisoners to petition the court.  Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). The filing of grievances is also constitutionally protected conduct.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  Moreover, the filing of a false disciplinary charge in retaliation for an inmate's filing of a grievance is actionable.  See Flanagan v. Shively, 783 F. Supp. 922, 931 (M.D. Pa. 1992)(McClure, J.).  Thus, this Court concurs that the first prong of Rauser, i.e., that the Plaintiff be engaged in a constitutionally protected activity, has been satisfied.

With respect to the second prong of Rauser, Defendants contend that "no reasonable juror would conclude that the record contains any evidence that Fiore suffered any adverse actions sufficient to deter him from filing those grievances and lawsuits."[9]  Id. at p. 16.  They add that there is also no evidence of a casual link between Fiore's constitutionally protected activity and the alleged denial of grievances, disciplinary action or work assignment as required under Rauser's third prong.  Id.

It is undisputed that Plaintiff was issued an institutional misconduct after he refused to be transferred to a halfway house. Based upon Fiore's acknowledgment that he refused to be transferred, Plaintiff has clearly not demonstrated that his exercise of a constitutionally protected right was a substantial or motivating factor behind the issuance of the resulting misconduct charge.  Rather, it was his admitted refusal to be transferred which caused the issuance of said disciplinary charge.

According to a declaration under penalty of perjury by BOP Paralegal Susan Albert, after his arrival at USP-Canaan, Fiore was assigned to work as an orderly on the prison compound.  See Doc. 27-4, Exhibit A, ¶ 24.  On September 18, 2007, Plaintiff was reassigned to a job in the prison's electrical shop.  Although Defendants admit that Plaintiff's job assignment at USP-Canaan was

---

[9]  As detailed below, none of the respective alleged retaliatory acts by themselves rose to the level of a constitutional violation.

changed, Albert's unopposed declaration asserts that this job reassignment was not the result of any retaliatory motive but rather, Plaintiff's prison compound work detail was above its assigned quota of inmate workers so he was simply transferred to the electrical shop because said department was below its assigned quota of inmate workers. See id. at ¶ 26. Once again, there are no facts presented which would allow a rational trier of fact to conclude that the change in Fiore's job assignment had a retaliatory motive.

Based upon a careful review of the record, there is no evidence to support a determination that any unfavorable responses to Plaintiff's institutional grievances were the result of a desire to punish him for his initiation of grievances and lawsuits but rather, said responses simply represented the determinations of the answering staff member regarding the substance of Plaintiff's complaints. While Fiore may have disagreed with the administrative response that does not by itself equate to a conclusion that they were retaliatory.

Furthermore, since Fiore continued to file lawsuits and institutional grievances throughout his USP-Canaan confinement, this Court is satisfied that entry of summary judgment is also appropriate with respect to the contention of retaliation under

<u>Allah</u> because the purported retaliatory acts did not deter
Plaintiff from exercising his First Amendment rights.[19]

### Prison Employment

To the extent that Plaintiff is also asserting that the
change in his prison job assignment violated due process, it is
well settled that an inmate does not have a protected liberty or
property interest in continued prison employment. <u>James v.
Quinlan</u>, 866 F.2d 627, 629-30 (3d Cir. 1989); <u>Bryan v. Werner</u>, 516
F.2d 233, 240 (3d Cir. 1975).  The right to earn wages while
incarcerated is a privilege, not a constitutionally guaranteed
right.   An inmate's expectation of keeping a specific prison job,
or any job, does not implicate a protected property interest."
<u>Wilkins v. Bittenbender</u>, 2006 WL 860140 *9 (M.D. Pa. March 31,
2006)(Conaboy, J.)(quoting <u>Bulger v. United States Bureau of
Prisons</u>, 65 F.3d 48, 50 (5th Cir. 1995)); <u>Ingram v. Papalia</u>, 804
F.2d 595, 596 (10th Cir. 1986) (finding Constitution does not
create a property interest in prison employment).

Accordingly, Plaintiff's claim that he was improperly
removed from one job assignment and given another does not set
forth a valid claim of constitutional misconduct since he clearly
had no protected right to a particular job assignment.

### Institutional Grievances

---

[19]   If Plaintiff can present facts showing that the alleged
retaliation deterred him from engaging in litigation activities, he
may seek reconsideration of this determination.

Plaintiff asserts that certain Defendants violated his constitutional rights by denying or only verbally responding to his administrative requests and grievances.

Inmates do not have a constitutional right to a prison grievance system. Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Accordingly, Defendants are entitled to entry of summary judgment with respect to any claim that they violated Plaintiff's due process rights with respect to the substance and type of their responses or non-responses to his administrative complaints, requests, and grievances.

Plaintiff also seeks relief regarding a reply by Warden Holt to an inquiry made by Senator Reed regarding the status of Plaintiff's second request for halfway house placement. According to Fiore, Warden Holt's written reply to Senator Reed falsely

21

stated that Plaintiff's request was going through the administrative remedy process when in fact the request had already been denied.

It is unclear as to whether Fiore's Complaint is attempting to assert an independent claim against Warden Holt based upon the substance of his response to Senator Reed. Assuming _arguendo_ that Plaintiff wishes to pursue such a claim, it is likewise subject to dismissal for the reasons set forth above.

**Due Process**

Plaintiff next indicates that he was denied due process by Defendants Bolcavage and Hanis with respect to a UDC hearing regarding the misconduct he was issued for refusing a transfer to a halfway house. Plaintiff indicates that the UDC hearing was not timely held and that Bolcavage and Hanis misrepresented the reason for the delay.

Under BOP regulations, prison staff shall provide an inmate with a written copy of the charges levied against him "ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident." See 28 C.F.R. Section 541.15. Following the issuance of the incident report, a prompt investigation must be undertaken. 541.14(b). Section 541.14 also directs that the investigating officer should "thoroughly investigate the incident."

Once the investigation is concluded, the incident report is referred to the UDC for an initial hearing "ordinarily held within

22

three work days from the time staff became aware of the inmate's involvement in the incident.  This three day work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays."  Id. at § 541.15(b). Furthermore, the UDC "may extend time limits imposed in this section for a good cause shown by the inmate or staff and documented in the record of the hearing."  Id. at (k).

In Rashid v. Yates, 2005 WL 1277825 *3 (M.D. Pa. May 26, 2005),  Judge Rambo of this Court noted that the time limitation of § 542.15(b) is not one of the procedural due process protections imposed by Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974).  Judge Caldwell of this Court in Thibodeau v. Watts, 2006 WL 89213 *4 (M.D. Pa. Jan. 11, 2006), similarly stated that a four (4) day delay in conducting a UDC hearing "[e]ven if the UDC had not obtained an enlargement of time from the Warden to conduct the hearing ... does not automatically equate to a violation of Thibodeau's Due Process rights."  Id.

Furthermore, Defendants add that the sanction imposed as a result of the challenged UDC hearing was expunged following an administrative appeal.  See Doc. 27, p. 9.  Following a rehearing, Plaintiff's sanction was reduced to a fifteen (15) day loss of commissary privileges.[11]  Pursuant to the above discussion,

---

[11]  Moreover, a fifteen (15) day loss of commissary privileges is not the type of atypical and significant hardship which implicates a liberty interest under Sandin v. Conner, 515 U.S. 472, 480-84 (1995).

Plaintiff's allegations regarding his initial untimely UDC hearing does not set forth a viable due process violation.[12]

## Protective Order

Defendants have also filed a motion requesting the issuance of a protective order relieving them of their obligation of responding to Plaintiff's discovery request until after resolution of their pending dispositive motion.  See Doc. 47.

The request for discovery at issue was not filed until after completion of briefing on Defendants' pending dispositive motion and it is apparent to this Court that the requested discovery materials would not benefit Plaintiff's opposition to the summary judgment request.  Accordingly, in light of the Court's disposition herein, the motion for protective order will be dismissed as moot. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED:   MARCH 28, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WILLIAM FIORE,                    :
          Plaintiff                     :
                                        :
     v.                                 :     CIVIL NO.3:CV-09-2259

---

[12]   Based upon the Court's conclusion that Defendants are entitled to entry of summary judgment with respect to Plaintiff's Bivens claims, consideration of the Defendants' qualified immunity argument is not required.

```
                                    :
                                    :      (Judge Conaboy)
RONNIE R. HOLT, ET AL.,             :
          Defendants                :
```

---

### ORDER

AND NOW, THIS 28th DAY OF MARCH, 2011, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1.  Defendants' dispositive motion is construed as solely seeking entry of summary judgment.

2.  The Defendants' motion for summary judgment (Doc. 26) is granted.

3.  Defendants' motion for a protective order (Doc. 47) is denied as moot.

3.  The Clerk of Court is directed to close the case.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge


25